IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Trina Freeman-White                   Case No:

v.

Valentine & Kebartas, Inc.

## COMPLAINT

### I. INTRODUCTION

1. Trina Freeman-White is a Pennsylvania consumer. Defendant, by and through its employees and/or agents falsely represented it is a law office, falsely threatened wage garnishment and falsely threatened Plaintiff with a civil action all in an attempt to collect a debt. Defendant made deceptive statements that Plaintiff's home would be taken and told the plaintiff she was stupid in an attempt to collect a debt.

2. Defendant operates a high volume debt collection business nationwide. In the course of operating this business it is the pattern and practice of the Defendant to falsely represent it is a law office, falsely threaten Pennsylvania consumers with actions including imminent civil lawsuits and wage garnishment.

3. Plaintiff suffered actual damages including, but not limited to the fear of wage garnishment. Defendant's abusive and intrusive conduct caused pain and suffering, emotional distress, anxiety, humiliation, fright, grief, anger and worry as well as unjustified and abusive invasions of privacy.

4. Congress stated in enacting the Fair Debt Collection Practices Act (15 U.S.C. § 1692):

    (a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection

practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

## III. PARTIES

6. Plaintiff is a natural person who resides in Allegheny County, Western District of Pennsylvania.

7. Plaintiff is a consumer within the FDCPA.

8. Plaintiff allegedly incurred a debt within the FDCPA.

9. Defendant holds itself out to the public as a collection agency.

10. Defendant is a debt collector within the FDCPA.

11. Defendant engaged in, approved of, and/or ratified the illegal conduct described herein.

12.     At all times relevant hereto, Defendant's employees and/or agents were acting in the scope, purpose and authority of such agency, service, employment, and/or other representative capacity with the permission, knowledge, consent and ratification of the Defendant.

## IV. FACTS

13.     The conduct described below took place within the past year.

14.     The Defendant falsely represented it is a law firm.

15.     The Defendant threatened the Plaintiff and her husband with wage garnishment.

16.     The Defendant threatened it would take Plaintiff's home.

17.     The Defendant falsely threatened Plaintiff with a civil action if payment wasn't made.

18.     The Defendant created a false sense of urgency.

19.     The Defendant called the Plaintiff "stupid."

20.     The Defendant was rude and intimidating.

21.     The Defendant's phone number is 866-598-2788.

22.     This number shows up on Plaintiff's caller i.d. as coming from a lawfirm.

23.     The Defendant is not a lawfirm.

## V. FIRST CAUSE OF ACTION
## FAIR DEBT COLLECTION PRACTICES ACT

24.     Plaintiff repeats, re-alleges and incorporates by reference all other paragraphs.

25.     In the collection efforts, defendant violated the FDCPA, *inter alia*, § 1692d, 1692d(2), 1692e, 1692e(3), 1692e(4), 1692e(5), 1692e(10) and 1692f.

26. As a result of defendant's illegal collection activities, plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k *et seq*.

## VI. SECOND CAUSE OF ACTION
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

27. Plaintiff repeats, re-alleges and incorporates by reference all other paragraphs.

28. Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, private affairs and concerns.

29. Defendant intruded into Plaintiff's solitude, seclusion, private affairs and concerns.

30. Defendant's intrusion would be highly offensive to a reasonable person.

31. Plaintiff was harmed by Defendant's conduct including harm to her interest in privacy and mental distress as a result of the invasion of her privacy.

32. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

33. Defendant's conduct as detailed above is malicious, wanton, willful, or oppressive, or shows a reckless indifference to the interests of others, thereby warranting punitive damages.

## VII. THIRD CAUSE OF ACTION
## NEGLIGENCE PER SE

34. Plaintiff repeats, re-alleges and incorporates by reference all other paragraphs.

35. Defendant violated a statute or ordinance, namely the Pennsylvania Fair Credit Extension Uniformity Act and the Fair Debt Collection Practices Act.

36. Defendant's violation proximately caused injury to Plaintiff.

37. Plaintiff's injury resulted from an occurrence of the nature which the statute or ordinance was designed to prevent.

38. Plaintiff was one of the class of persons for whose protection the statute or ordinance was adopted.

39. Defendant's conduct as detailed above is malicious, wanton, willful, or oppressive, or shows a reckless indifference to the interests of others, thereby warranting punitive damages.

## VIII. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief from Defendant:

A. Actual damages;

B. Statutory damages;

C. Punitive damages;

D. Plaintiff's reasonable attorney fees;

E. Costs; and

F. For such other and further relief as the Court may deem just and proper.

JEFFREY L. SUHER, P.C.

By: /s/ Jeffrey L. Suher
Jeffrey L. Suher, Esquire
Pa. I.D. # 74924
4328 Old Wm. Penn Hwy., Ste. 2J
Monroeville, PA 15146
(412) 374-9005
lawfirm@jeffcanhelp

Attorney for Plaintiff

**JURY TRIAL DEMANDED**